IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NARCISSA TATALA LEMAU SEGUIN,<br><br>Plaintiff,<br><br>vs.<br><br>HONOLULU COMMUNITY ACTION PROGRAM, *et al*.,<br><br>Defendants. | Civil No. 26-00439 MWJS- WRP<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**

Plaintiff Narcissa Tatala Lemau Seguin brings this action under the Americans with Disabilities Act of 1990 (the ADA), 42 U.S.C. §§ 12112–12117, against Honolulu Community Action Program, Melissa Grado, Jennifer Tahele, and Grant Kogame. Dkt. No. 1, at PageID.2–5. Seguin, who is proceeding pro se, also applies to proceed in forma pauperis (IFP)—that is, without prepaying the fees or security usually required to file an action in federal court. Dkt. No. 3.

When an applicant seeks to proceed without payment of fees, the court must screen the complaint and confirm that it states a claim for which the court can grant relief. 28 U.S.C. § 1915(e)(2). The court construes Seguin's complaint liberally, as owed a self-represented litigant, but determines that the complaint fails to state a cognizable

claim under Federal Rule of Civil Procedure 8. The court accordingly DISMISSES the complaint and DENIES the IFP application as moot. Because Seguin may be able to cure the deficiencies in her complaint, however, the court GRANTS her leave to amend.

## DISCUSSION

### A. Screening of Plaintiff's Complaint

Under 28 U.S.C. § 1915, federal courts are required to "screen," or review, any complaint filed by a pro se plaintiff seeking to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2). When the court screens the complaint, it liberally construes the litigant's pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). But the complaint must be dismissed if, after screening, the court concludes that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(iii).

In deciding whether to dismiss a complaint under § 1915 for failure to state a claim, a court applies the same standards that govern a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). And when reviewing that statement of the claim under Rule 12(b)(6), a court must (1) isolate well-pleaded facts by removing legal conclusions and "threadbare recitals of a cause of action, supported by mere

conclusory statements," and then (2) determine whether the remaining well-pleaded facts state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In other words, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 547 (2007)). A claim is plausible on its face when the complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleading facts that are merely consistent with a defendant's liability is not enough; rather, the facts must yield "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Seguin's complaint details an incident at work in which her coworkers performed a prank on her by replacing her desktop computer background with a picture of a cockroach, and saving cockroach pictures elsewhere on her computer, knowing she was fearful of cockroaches. Dkt. No. 1, at PageID.8. Seguin describes ongoing workplace problems stemming from the incident, including damaged relationships with coworkers and feeling fearful at work. *Id.* at PageID.8–9. As detailed below, however, the complaint in its current form fails to assert that Seguin's employer discriminated against her on the basis of a disability under the ADA.

**1. Definition of Disability Under the ADA**

In order to plead a claim for disability discrimination under the ADA, a plaintiff must plausibly allege that she is disabled under the meaning of the statute. A disability

is defined under the ADA as a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(1)(A). This includes "[a]ny mental or psychological disorder, such as an intellectual disability . . . , organic brain syndrome, emotional or mental illness, [or] specific learning disabilit[y]." 29 C.F.R. § 1630.2(h). According to federal guidance, "major life activities" include "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." *Id.* § 1630.2(i). Evaluating whether an impairment "substantially limits" a major life activity and therefore constitutes a disability under the ADA requires a court to measure the individual's ability to perform a major life activity with the ability of "most people in the general population." *Id.* § 1630.2(j)(1)(i).

The court concludes that, at least as currently alleged in the complaint, Seguin's fear of cockroaches does not constitute a disability under the ADA. Seguin's complaint focuses on limitations on her ability to work and interact with her coworkers following the prank. Dkt. No. 1, at PageID.8–9. But she does not allege that she was substantially limited in her ability to complete her work tasks or to interact with people other than her coworkers. *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112–13 (9th Cir. 2014) (finding no substantial limitation on plaintiff's ability to work where plaintiff was "skilled" at his job and possessed "knowledge and technical competence"). And while

the Ninth Circuit has recognized that extreme limitations on one's ability to interact with others can satisfy the requirements for a condition to fall under the ADA, it has emphasized that "[in]ability to *get along* with others . . . is not the same as a substantial limitation on the ability to *interact* with others." *Id.* at 1113 (emphasis in original). While "getting along with others" is a "normative or evaluative concept," the ability to interact with others is "essentially mechanical." *Id.* (cleaned up). And "interpersonal problems"—the existence of which typically turns on one's normative assessment of the state of relationships, rather than one's mechanical ability to interact with others—"do not amount to a substantial impairment of [one's] ability to interact with others within the meaning of the ADA." *Id.* Here, Seguin does not allege an inability "to engage in normal social interactions" but rather alleges only struggles to interact with the coworkers who participated in the prank. *See id.* Those struggles, at least as alleged, do not amount to a showing that Seguin's "relations with others were characterized on a regular basis by severe problems, for example, consistently high levels of hostility, social withdrawal, or failure to communicate when necessary." *McAlindin v. County of San Diego*, 192 F.3d 1226, 1235 (9th Cir. 1999) (cleaned up). She alleges, in other words, an inability to get along with her coworkers, but not an inability to interact with others within the meaning of the ADA. Therefore, Seguin has not alleged facts about her purported disability and its limitations on her major life activities that allow the court to find, even drawing all inferences in her favor, that she may be disabled under the ADA.

### 2. Unlawful Discrimination Under the ADA

Even assuming Seguin's fear of cockroaches constituted a qualifying disability, her complaint in its current form does not adequately allege that her employer discriminated against her on that basis. The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination under the statute includes adverse employment actions such as refusal to hire or promote a disabled individual; failure to make reasonable accommodations a disabled employee; or harassment that is severe and pervasive enough to create a hostile work environment. *See id.*; *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (recognizing hostile work environment claims under the ADA).

Seguin does not allege that she was subject to an adverse employment action such as firing or that she requested and was denied reasonable accommodations for her fear of cockroaches. Dkt. No. 1 at PageID.8–9. Therefore, the court construes Seguin's claim as alleging disability-based harassment constituting a hostile work environment.

To plausibly allege a hostile work environment, a plaintiff "must allege that he was subjected to harassment because of his disability, and that the harassing 'conduct was sufficiently severe or persuasive to alter the conditions of his employment and

create an abusive work environment.'" *Mattioda*, 98 F.4th at 1174 (cleaned up). The "standards for judging hostility" are intentionally "demanding." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Federal antidiscrimination statutes do not authorize claims based on "the ordinary tribulations of the workplace" such as "'simple teasing,' offhand comments, and isolated incidents." *Id.* (citation omitted). Rather, "conduct must be extreme to amount to a change in the terms and conditions of employment." *Id.* And the environment must be both objectively and subjectively offensive—"one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so." *Id.* at 787 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)).

Here, Seguin alleges that her coworkers performed a prank on her by replacing her desktop computer wallpaper with a picture of a cockroach, and saving cockroach photographs elsewhere on her computer, knowing that she was afraid of cockroaches. Dkt. No. 1 at PageID.8–9. Other coworkers were aware of the planned prank and did not warn Seguin, and some laughed about the incident. *Id.* She asserts that the defendants are no longer engaging in the alleged conduct toward her. *Id.* at PageID.5.

While this incident and its aftermath undoubtedly affected Seguin, the events described in the complaint, at least in its current form, do not rise to the level of an unlawful hostile work environment. They more closely resemble "simple teasing" and "isolated incidents" do not constitute the kind of "extreme" conduct that is so abusive

and pervasive that it "amount[s] to a change in the terms and conditions of employment." *Faragher*, 524 U.S. at 788; *see Chenoweth v. Maui Chem. & Paper Prods., Inc.*, 357 F. App'x 875, 876 (9th Cir. 2009) (affirming a district court's finding that "pranks, jokes, and name-calling" did not give rise to a hostile work environment claim). And so, even assuming Seguin had a disability under the ADA, her complaint in its current form does not allege unlawful conduct by defendants. For this additional reason, the complaint does not state a claim for which the court can grant relief.

#### 3. Individual Defendants

Under the ADA, only "employers" may be held liable for unlawful employment discrimination on the basis of disability; individual employees or supervisors cannot be held individually liable. *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037–38 (9th Cir. 2006). Therefore, to the extent Seguin seeks relief from individual defendants, Melissa Grado, Jennifer Tahele, and Grant Kogame, the complaint fails to state a claim for which relief can be granted, even assuming Seguin alleges actionable disability discrimination. The federal disability discrimination claims against these defendants must be dismissed.

### B. The IFP Application

Because Seguin's complaint does not survive screening, the entirety of the complaint must be dismissed. Given that dismissal, the court need not decide the sufficiency of Seguin's IFP application at this time. *See Marshall v. Wells Fargo*, No. 25-

00437 MWJS-RT, 2025 WL 2938706, at *3 (D. Haw. Oct. 16, 2025) (denying a plaintiff's IFP application as moot after dismissing the complaint for failure to allege subject matter jurisdiction and facts showing entitlement to relief). The IFP application is, therefore, DENIED as moot.

### C. Seguin is Granted Leave to Amend the Complaint

The remaining question is whether Seguin should be given the opportunity to address the deficiencies identified in her current complaint. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should grant leave to amend as justice so requires, even absent a request to amend. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). This is to ensure "legitimate claims with curable defects" are not dismissed without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Here, leave to amend is warranted. The deficiencies outlined above are potentially curable: Seguin could provide further factual allegations surrounding her alleged disability, its limitations on her major life activities, and the severity and duration of her hardships at work. Accordingly, the court grants leave to amend. If Seguin chooses to amend her complaint, she should address the deficiencies discussed above. Because individual defendants are categorically excluded from liability for employment discrimination under the ADA, however, any amended complaint must not name individual coworkers or supervisors as defendants.

The court further notes that Seguin asserts that she received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 1 at PageID.7. But the letter she attached was from the Hawaiʻi Civil Rights Commission—the state equivalent of the federal EEOC. *Id.* at PageID.6. That letter provides notice of her right to file a lawsuit in state court, rather than federal court. Accordingly, the court directs Seguin to file a copy of her Notice of Right to Sue letter from the EEOC as an attachment to any amended complaint she may file.

## CONCLUSION

For the foregoing reasons, the court DISMISSES Seguin's complaint, Dkt. No. 1, with leave to amend, and DENIES her IFP application, Dkt. No. 3, as moot.

If Seguin elects to file an amended complaint, she must comply with the following requirements:

(1) The deadline to file an amended complaint is October 28, 2026;

(2) The amended complaint should be titled "First Amended Complaint;" and

(3) Seguin must cure the deficiencies identified above.

Seguin is cautioned that failure to timely file an amended pleading that conforms with this Order and concurrently file a new IFP application (or, alternatively, submit payment of the filing fee) will result in the automatic dismissal of this action. Until she

files an amended pleading and either files a new IFP application or pays the filing fee, she should not file any other documents in this action.

IT IS SO ORDERED.

DATED: September 29, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge